# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| RANDOLPH SULLIVAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 18-cv-1265-SLD |
| | ) |
| STEVE KALLIS, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER AND OPINION

Before the Court is Petitioner Randolph Sullivan's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1).  Also before the Court is Respondent's Motion to Bifurcate his Response (Doc. 8).  For the reasons stated herein, Respondent's Motion (Doc. 8) is GRANTED to the extent that the Court allows the initial *partial* response.  However, the Court finds Respondent's arguments are not dispositive of the case and, therefore, further briefing is ordered.

## I. BACKGROUND

In 2010, after a jury trial in the United States District Court for the Northern District of Illinois, Sullivan was convicted of: possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a) (Count 1); possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count 2); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3).  *See United States v. Sullivan,* Case No. 09-CR-50024 (N.D. Ill.); *United States v. Sullivan*, 457 Fed. Appx. 563, 564 (7th Cir. 2011).

The United States Probation Office prepared a Presentence Investigation Report ("PSR") in anticipation of Sullivan's sentencing.  *See* PSR, Resp. App. (Doc. 10).  The PSR found that

Sullivan qualified as an Armed Career Criminal under 18 U.S.C. § 924(e) because he had at least three prior convictions violent felonies, including: (1) a 1985 Illinois attempted murder conviction in the Circuit Court of Winnebago County, Illinois, Case No. 85 CF 156; (2) a 2005 Illinois aggravated battery conviction in the Circuit Court of Winnebago County, Illinois, Case No. 04 CF 2916; and (3) a 2002 Illinois non-residential burglary in the Circuit Court of Stephenson County, Illinois, Case No. 02 CF 121. *See* PSR, Resp. App. at 62-63 (Doc. 10).

Sullivan was subject to a statutory maximum sentence on Count 1 of 20 years' imprisonment. *See* 21 U.S.C. § 841(a)(1). On Count 3, Sullivan was subject to a statutory minimum term of imprisonment of 5 years to a maximum term of life imprisonment, to be served consecutive to any other terms of imprisonment. *See* 18 U.S.C. § 924(c)(1)(A)(i). The PSR also concluded that Sullivan qualified as a Career Offender under United States Sentencing Guideline § 4B1.1 due his previous convictions. Accordingly, Sullivan's advisory guideline range was 360 months to life imprisonment on Counts 1 and 2, and 60 months' imprisonment on Count 3, to be served consecutively. *See* PSR, Resp. App. at 97 (Doc. 10).

The district court adopted the PSR's findings and sentenced Sullivan to 400 months' imprisonment, consisting of 240 months' imprisonment on Count 1 and 340 months' imprisonment on Count 2 to be served concurrently, and 60 months' imprisonment on Count 3 to be served consecutively. *See* Judgment, Resp. App. at 4 (Doc. 8-2). Sullivan appealed his conviction and sentence, but, on December 20, 2011, the Seventh Circuit dismissed Sullivan's appeal as frivolous. *United States v. Sullivan*, 457 Fed. Appx. 563, 564 (7th Cir. 2011). Sullivan filed a timely Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, which was denied, and he was denied a certificate of appealability. *Sullivan v. United States*, No. 12-

CV-50408 (N.D. Ill. Aug. 5, 2013). He did not challenge his classification as a career offender or his ACCA sentencing enhancement in either of these proceedings.

Sullivan next filed an application to file a successive § 2255 motion with the Seventh Circuit within one year of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct 2551 (2015), which held that the residual clause in the definition of violent felony under § 924(e)(2)(B)(ii) was unconstitutionally vague. The Seventh Circuit granted his application to file a successive § 2255 motion, finding that "Sullivan ha[d] made a prima facie showing that his classification as a career offender and armed career criminal, which rests in part on his convictions in Illinois for burglary of a nonresidential building, and attempted murder, may be incompatible with *Johnson*." *Sullivan v. United States*, No. 16-2041 (7th Cir. May 26, 2016).

However, the district court held that his challenge to his career offender status had been foreclosed by the Supreme Court's decision in *Beckles v. United States*, 136 S.Ct. 2510 (2016). *United States v. Sullivan,* Case No. 16-CV-50150 (N.D. Ill. April 12, 2017). It also found that Sullivan was not entitled to relief under *Johnson* for the use of his burglary conviction as an ACCA predicate offense, because burglary is a predicate offense under the enumerated clause of § 924(e) and not the residual clause. *Id.* at *2 (*citing Holt v. United States*, 843F.3d 720 (7th Cir. 2016)). While his case was pending in the district court, the Supreme Court decided *Mathis v. United States,* 136 S.Ct. 2243 (2016), which held that the elements of the Iowa burglary statute were broader than generic burglary and could not be used as a predicate offense under the ACCA. Sullivan argued that *Mathis* applied to his case as well. However, the district court held that Sullivan's *Mathis* claims could not be raised in his § 2255 motion since it was a case of statutory interpretation, noting that "[w]hether Sullivan might be entitled to relief under 28

U.S.C. § 2241, should he file such a motion in the district where he is confined, . . . is a question this court need not consider." *Id.*

On July 18, 2018, Sullivan filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Relying on *Mathis v. United States,* 136 S.Ct. 2243 (2016), he is challenging the use of all three of his prior convictions as predicate offenses for his designation as a career offender under U.S.S.G. § 4B1.1 and as an Armed Career Criminal under § 924(e). On January 16, 2019, Respondent filed a Motion to Bifurcate his Response and a Partial Response to Petitioner's Petition (Doc. 8). Sullivan has filed a timely reply. This Order follows.

## II. LEGAL STANDARD

Generally, federal prisoners who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." *Camacho v. English*, 16-3509, 2017 WL 4330368, at *1 (7th Cir. Aug. 22, 2017) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is found in § 2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Under Seventh Circuit case law, "[t]o pursue relief under § 2241, a petitioner must establish that '(1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be

deemed a miscarriage of justice.'" *Chazen v. Marske*, No. 18-3268, 2019 WL 4254295, at *3 (7th Cir. Sept. 9, 2019) (*citing Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)).

### III. DISCUSSION

Sullivan brings this § 2241 Petition challenging his ACCA sentencing enhancement, as well as his designation as a career offender under the advisory sentencing guidelines. While the Court agrees with Respondent that Sullivan's challenge to his career offender designation under the advisory guidelines is not cognizable in his § 2241 petition, further briefing is required to determine whether Sullivan is entitled to relief on his ACCA claim.

**A. Sullivan's Challenge to His Advisory Guidelines Calculation is Not Cognizable in Collateral Review.**

Sullivan first challenges his designation as a career offender under the advisory sentencing guidelines. However, even assuming the district court erred by designating him a career offender, Sullivan cannot show he suffered a miscarriage of justice on this claim standing alone. The Seventh Circuit has made clear that the standard for direct review and post-conviction review are different with regard to advisory sentencing guideline errors: "an erroneous computation of an advisory guidelines sentence is reversible (unless harmless) on direct appeal; it doesn't follow that it's reversible years later in a postconviction proceeding." *Hawkins v. United States,* 724 F.3d 915, 918 (7th Cir. 2013) (*Hawkins II*). Given the interest in finality, in *Hawkins v. United States,* 706 F.3d 820 (7th Cir. 2013) (*Hawkins I*), the Seventh Circuit held that an erroneous interpretation of the advisory guidelines is not reversible in post-conviction proceedings so long as the sentence imposed was not greater than the statutory maximum. 706 F.3d at 823-25; *see also United States v. Coleman*, 763 F.3d 706, 708-10 (7th

Cir. 2014) ("[I]n the context of postconviction proceedings, a sentence well below the ceiling imposed by Congress . . . does not constitute a miscarriage of justice.").

In *Hawkins I,* the petitioner qualified as a career offender based on two prior felony convictions for walkaway escape. *Id.* at 821. Three years after Hawkins was resentenced under the advisory sentencing guidelines, the Supreme Court held that an "escape" that takes the form of a failure to report did not constitute a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e). *Chambers v. United States,* 555 U.S. 122, 127-30, 129 S.Ct. 687 (2009). Given, *Chambers,* a walkaway escape is not a violent felony under the Armed Career Criminal Act or under the similarly worded career offender guidelines. *Hawkins I,* 706 F.3d at 822 (citing cases). Hawkins filed a § 2255 motion challenging his sentence on this basis, but the district court denied the motion and the Seventh Circuit affirmed. *Id.* The Seventh Circuit reasoned that, after *United States v. Booker,* 543 U.S. 220 (2005), the Guidelines are not binding on the district court and "the judge may not even presume that a sentence within the applicable guidelines range would be proper." *Id.* Rather, the judge must independently determine the appropriate sentence pursuant to 18 U.S.C. § 3553. *Id.* at 823. The court found that while the advisory guidelines remain influential, given the interest in finality, an error in the interpretation of an advisory guideline "is not a proper basis for voiding punishment lawful when imposed." *Id.*

Hawkins moved for rehearing in light of *Peugh v. United States*, 133 S. Ct. 2072 (2013), in which the Supreme Court held the advisory Guidelines were subject to constitutional challenges under the *ex post facto* clause "notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range." *Peugh*, 133 S. Ct. at 2082. The Seventh Circuit denied rehearing, finding that *Peugh* did not alter their analysis since *Peugh*

involved constitutional error (a violation of the ex post facto clause), *Peugh* was a case on direct appeal which has a lower legal standard than post-conviction relief, and *Peugh's* retroactivity was uncertain. *Hawkins II*, 724 F.3d at 916-18 ("[I]t doesn't follow that post-conviction relief is proper just because the judge, though he could lawfully have imposed the sentence that he did impose, might have imposed a lighter sentence had he calculated the applicable guidelines sentencing range correctly.").

Here, the sentencing court sentenced Sullivan under the advisory guidelines to a sentence below the statutory maximum of life imprisonment. The purported error in designating Sullivan a career offender under the advisory sentencing guidelines is simply not cognizable in collateral review and is dismissed.

### B. Sullivan's *Mathis*-Based Challenge to His ACCA Enhancement.

Sullivan next argues that his ACCA sentencing enhancement, pursuant to 18 U.S.C. § 924(e), is invalid in light of *Mathis v. United States,* 136 S.Ct. 2243 (2016), because he no longer has three predicate convictions for violent felonies. A person who violates 18 U.S.C. § 922(g) is an Armed Career Criminal if they have "three previous convictions . . . for a violent felony or serious drug offense." 18 U.S.C. § 924(e). Section 924(e)(2)(B) defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that:

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). Clause (i) is known as the "elements clause." The first part of clause (ii) is known as the "enumerated offenses clause," and the part of clause (ii) that follows "otherwise" is known as the "residual clause." In *Johnson v. United States*, 135 S. Ct. 2551

(2015), however, the Supreme Court held that the residual clause is unconstitutionally vague. 135 S. Ct. at 2563. Accordingly, only the elements and enumerated clauses remain valid.

The sentencing court found that Sullivan qualified as an Armed Career Criminal due to his convictions for Illinois attempted murder, Illinois aggravated battery, and Illinois nonresidential burglary. However, Sullivan argues that none of these convictions are violent felonies in light of *Mathis v. United States,* 136 S. Ct. 2243 (2016). In *Mathis,* the Supreme Court examined the enumerated clause and held that Iowa's burglary statute did not qualify as a predicate violent felony under the ACCA because it was broader than the generic offense of burglary in § 924(e)(2)(B)(ii). *Id.* at 2251. *Mathis* clarified the procedure for courts to use to determine whether a statute is broader than the generic version of the offense, highlighting that the modified categorical approach could only be utilized when the statute specified alternative elements for the offense, not merely alterative means. *Id.* "*Mathis* was meaningful because it narrowed the range of state statutes that qualify as violent felony predicates under the Armed Career Criminal Act." *Chazen v. Marske*, No. 18-3268, 2019 WL 4254295, at *2 (7th Cir. Sept. 9, 2019).

As an initial matter, Sullivan's claims that his Illinois attempted murder and the Illinois aggravated battery convictions are no longer violent felonies, are without merit and foreclosed by Seventh Circuit precedent.[1] In *Hill v. United States*, 877 F.3d 717 (7th Cir. 2017), *cert.*

---

[1] Respondent also argues that Sullivan had an opportunity to raise his *Mathis* claims regarding his prior convictions for attempted murder and aggravated battery in his successive § 2255 motion and failed to do so, and, therefore, he is barred from raising them now under the abuse of the writ doctrine. A petitioner abuses the federal writ of habeas corpus "by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." *McCleskey v. Zant*, 499 U.S. 467, 489 (1991). The federal courts generally decline "to entertain successive petitions under § 2241 or § 2255, unless the law [has] changed or new facts . . . come to light." *Arnaout v. Marberry*, 351 F. App'x 143, 144 (7th Cir. 2009). It is true that Sullivan raised a *Mathis* claim in his successive § 2255 motion. However, as the district court held, *Mathis* claims could not be addressed under § 2255 regardless and gave no opinion on the merits. Therefore, the Court does not find that these claims could have been raised in his earlier petition, as they were not cognizable in a successive

*denied*, 139 S. Ct. 352, (2018), the Seventh Circuit held that "[w]hen a substantive offense would be a violent felony under § 924(e) and similar statutes, an attempt to commit that offense also is a violent felony." *Id.* at 719. The Seventh Circuit found that murder is the quintessential violent felony and attempted murder also qualifies as a violent felony because it includes the *intent* to commit every element of the crime of murder. *Id.* Accordingly, Sullivan's prior conviction for attempted murder was properly used as an ACCA predicate under § 924(e).

Additionally, *United States v. Lynn,* 851 F.3d 786 (7th Cir. 2017), forecloses Sullivan's claim regarding his aggravated battery. In *Lynn*, the Seventh Circuit found that the Illinois aggravated battery statute was divisible. *Id.* at 797-98. Illinois courts have found that, "[t]o establish aggravated battery, the State must first prove that the defendant committed a simple battery. That is, the State must establish that the defendant 'intentionally or knowingly without legal justification . . . cause[d] bodily harm . . . or ma[de] physical contact of an insulting or provoking nature with an individual." *Id.* at 797 (citations omitted). The Seventh Circuit found that these are not different means of committing a single element as addressed in *Mathis*, but, "[r]ather, they are elements, one of which must be proved beyond a reasonable doubt in order to sustain a conviction for battery." *Id.* (*citing People v. Nichols*, 366 Ill. Dec. 201, 979 N.E.2d 1002, 1013–14 (2012)). Here, as in *Lynn*, Sullivan was charged with battery because he "caused bodily harm." *See* PSR, Resp. App at 78 (Doc. 10). Accordingly, his prior conviction for aggravated battery was properly used as a predicate under § 924(e).

However, Sullivan's claim regarding his conviction for Illinois nonresidential burglary may have merit. *See United States v. Haney*, 840 F.3d 472, 475 (7th Cir. 2016) (finding that, in

---

§ 2255 motion. Accordingly, while the Court finds these claims are without merit, the Court would not dismiss these claims as an abuse of the writ.

light of *Mathis*, the older versions of the Illinois burglary statute are not divisible and are categorically not ACCA predicates, but noting that the contemporary burglary statute "imposes different penalties depending on the location in which the burglary occurs, constituting separate elements that could render the statute divisible and subject to the modified-categorical approach").

Respondent, submitting only a partial response so far, has only argued that Sullivan's ACCA claim cannot proceed because it relies on *Mathis* and *Mathis* is not "new." Therefore, Respondent argues, Sullivan's claim does not meet the second requirement of the test to proceed under the § 2255(e) savings clause and he cannot bring his claim in a § 2241 petition. However, this same argument was recently rejected in *Chazen v. Marske*, No. 18-3268, 2019 WL 4254295, at *8–9 (7th Cir. Sept. 9, 2019). Like here, the respondent in *Chazen* argued that the petitioner's *Mathis*-based claim could not proceed because *Mathis* was not a "new" rule. *Id.* at *8. The Seventh Circuit first found that Chazen's claim that his Minnesota burglary conviction was not a violent felony had been previously foreclosed by Eighth Circuit precedent. The Seventh Circuit then found that *Mathis* could be the basis for Chazen's § 2241 petition because it was only after *Mathis* that courts have concluded that Minnesota burglary is indivisible because it lists alternative means of committing the crime. *Id.* *9. "In this way, *Mathis* is 'new' as a functional and practical matter for federal for federal inmates seeking relief from a mandatory minimum sentence under the Act." *Chazen*, 2019 WL 4254295 at *10.

Accordingly, in light of *Chazen*, the Court finds that Sullivan's reliance on *Mathis* does not prevent him from meeting the requirements of the savings-clause test. However, Respondent, filing only a partial response, has not yet addressed whether Sullivan's claim meets the other requirements of the savings-clause test. The Court finds that there could be no dispute

that Sullivan meets the first requirement of the test—his claim relies on *Mathis,* which is not a case of constitutional interpretation, but statutory interpretation and, thus, cannot be raised in a successive § 2255 motion. *See also Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (*Mathis* "is a case of statutory interpretation," so claims based on *Mathis* "must be brought, if at all, in a petition under 28 U.S.C. § 2241."). Moreover, if Sullivan's claim has merit, he will have satisfied the miscarriage of justice requirement. *Chazen*, 2019 WL 4254295, at *4 ("[A] defendant sentenced in error as an armed career criminal satisfies the "miscarriage of justice" requirement.") (*citing Light*, 761 F.3d at 813).

However, Sullivan still must meet the remainder of the second requirement of the savings-clause test. In *Chazen,* the Seventh Circuit acknowledged that their precedent in articulating the second requirement of the savings-clause test has been inconsistent, sometimes requiring a petitioner "to show that he is relying on a "new rule" that applies "retroactively to cases on collateral review and could not have been invoked in his earlier proceeding." *Chazen,* 19 WL 4254295, at *8 (*quoting Camacho v. English*, 872 F.3d 811, 813 (7th Cir. 2017). In other instances, the Seventh Circuit has said that a petitioner must "[rel[y] on a retroactive decision that he could not have invoked in his first § 2255 motion" or that a petitioner "need only show that the case on which he relies had not yet been decided at the time of his § 2255 petition." *Id.* at *8 (*citing Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios,* 696 F.3d 638, 640 (7th Cir. 2012). Additionally, the Seventh Circuit has used a higher standard at times, which required:

> a petitioner to show not only that he relies on a newly decided case of statutory interpretation, but also that, at the time of his initial § 2255 petition, his claim was "foreclosed by binding precedent" in the circuit of his conviction. *Brown*, 719 F.3d at 595 (*quoting Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012)). And most recently we have explained that "if it 'would have been futile' for a petitioner to raise these arguments in his § 2255 motion because the 'law was

> squarely against him,' then the savings clause applies and [a petitioner] may proceed and pursue resentencing under § 2241." *Beason,* 926 F.3d at 936 (*quoting Webster*, 784 F.3d at 1136).

*Id.* at *9.

The Seventh Circuit did not attempt to clarify the test in *Chazen*, but found that Chazen met the higher standard because Chazen's claim that Minnesota burglary was not a violent felony under the ACCA was foreclosed at the time of his initial § 2255 motion "by Eighth Circuit precedent concluding that Minnesota burglary qualified as a violent felony for federal sentencing purposes," such that "the law was squarely against" him. *Id.* at 9.

Here, it is clear that Sullivan would meet the more lenient standard—*Mathis* was decided three years after his initial § 2255 motion was decided. Moreover, arguably, prior to *United States v. Johnson*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague, Sullivan's claim that Illinois nonresidential burglary conviction did not fit within the enumerated clause of § 924(e) was futile because it would simply have simply fallen within the residual clause instead, and still been properly used as a predicate offense. Accordingly, this is arguably the first opportunity that Sullivan has had to have his claim heard on the merits. However, the Court will delay ruling on which standard applies and whether Sullivan's claim meets the applicable standard until further briefing is submitted and allow Respondent to present any additional arguments it may have that were not included in his partial response.

## IV. CONCLUSION

For the reasons stated above, Respondent's Motion (Doc. 8) is GRANTED, to the extent that the Court has addressed the arguments included in the partial response. The Court DISMISSES Sullivan's challenge to his designation as a career offender under the advisory sentencing guidelines and his challenges to the use of his Illinois aggravated battery and

attempted murder convictions as ACCA predicates.  However, the Court finds that Respondent's arguments in his partial response are not dispositive of the case because Sullivan's claim that his Illinois nonresidential burglary conviction is not a violent felony may have merit and may be able to meet the requirements of the savings-clause test.  Therefore, Respondent is ORDERED to submit a supplemental response with any additional arguments that he did not include in his partial response on or before October 7, 2019.  Petitioner may file a reply to Respondent's supplemental response on or before October 28, 2019.

      Additionally, the Court notes that Petitioner has filed two replies and styled them as "Motions" to Reply (Docs. 12 and 13).  Petitioner did not need to seek leave of court to file his first reply (Doc. 12), so this Motion is MOOT.  Petitioner's second reply is largely duplicative, but it was filed within the time limit for his reply, so the Court will interpret this as a motion to file a supplemental reply and GRANT this Motion (Doc. 13).  However, Petitioner is cautioned that the Court will not accept multiple replies from him in the future.

ENTERED this 17th day of September 2019.

                                        *s/ Sara Darrow*
                                        Sara Darrow
                                        Chief United States District Judge